All right Mr. Allman you may proceed. Thank you your honor. May it please the court. Good morning I am William Allman. I represent the defendant Faruq Rose in the case before the court. The key facts in this case are not in dispute. DEA agents identified two packages at a FedEx hub in Greensboro that were addressed to a Mr. Ronald West who lived in Wallace or at one point lived North Carolina. The first package was deemed suspicious due to the type of box how it was taped and the fact that it had come from Arizona close to the Mexican border. It was opened without a warrant even though a canine was available canine unit was available. It was opened by the FedEx manager together with Detective Gordy I believe it was of the DEA. Narcotics were found in that box and another box a similar box also addressed to Ronald West was also located. A canine sniff occurred on that box and at that point a warrant was obtained. Narcotics were also found in that box. A controlled delivery was arranged to the residents that was indicated on the box in Wallace, North Carolina and the defendant arrived together with another individual and was arrested after picking up the packages from the residents of Mr. West. We would submit the primary issue in this case to be addressed is the denial of my client's motion to suppress and that the search of the second box was based on the unconstitutional search of the first box and the key findings at the hearing and the focus of this appeal relate to the expectation of privacy in the prior cases from this court although somewhat similar don't clearly answer the question. The trial court in the case of Barr initially referenced the Givens case wherein there was a videotape with cocaine that was mailed to the attention of a third party intermediary an actual person as opposed to an alias or a fictitious person who was associated with an actual corporation. The Givens court cited Walters v. U.S. in noting that was Justice Givens opinion that authority did exist for an argument that a package addressed to a fictitious party created by a defendant did exist but that argument was not made in that case and so trial counsel for the defendant turned the court's attention to the case of Castellanos wherein cocaine was found in the gas tank of a vehicle that the defendant claimed that he was planning to purchase but in fact he never claimed ownership of that particular vehicle at the time of the search or otherwise and that was cited in the analysis of that state of that opinion which distinguishes it from our fact pattern as well but it did not foreclose the idea that someone who utilizes a fictitious name could in fact have standing to challenge a search. In Hurley which was cited within the brief and where privacy interest was not recognized the fact showed that the defendant not did not even know the individual who resided at the delivery address and had never used that address previously. The seventh circuit case of Pitts which was cited also by the trial court was similar to Castellanos and dealt with a fact situation however where a defendant had ultimately refused to accept delivery of a package and denied ownership of the particular package. There are cases out there that do support the proposition that the use of a false name does eliminate one from asserting a fourth amendment claim. U.S. v. Dominique out of the sixth circuit a third party rented a motel room for defendants involved in that case using a false name. There was an unlawful entry, narcotics were found and the defendants were deemed to have standing to contest. That similar analysis was applied by the seventh circuit in U.S. v. Newbern and in the eighth circuit a case called U.S. v. Watson saw a home that was bought under a false name. Also the occupant had standing in that case. The fifth circuit case of Villareal which is also cited shows where a defendant fact pattern where a defendant paid an agent to pick up packages of shipping drums that were filled with contraband. They were shipped not under just a false name but a made up individual by the name of Roland Martin. So in the case at Barr specifically no one claimed ever claimed ownership of the boxes other than the defendant Mr. Rose. No law enforcement ever disputed the fact that they belonged to Mr. Rose. He went to jail because those were his boxes. Yes I'm sorry your honor. Excuse me for interrupting but I wanted to get back to your concept of privacy. You know the law cards out in terms of fictitious names a protection there's no question but that protection I like to use as an example it's David Cornwall using the fictitious name John Le Carré. In other words there's established evidence that somebody is operating under a you know a pen name or some other name. There's really no evidence in this record. Is there that Mr. Rose was operating under the name and that he continued to operate? It seems to me we have this isolated incident where or instance where he puts a dead man's name on the packages or somebody does intending it to go to him. So where is the expectation of privacy in that kind of situation where it's where there really isn't any evidence in the record that Ronald West was his fictitious name. It's just that these packages were labeled Ronald West. Yes your honor I do appreciate the question and the concern. I guess my response would be that Mr. Rose had used this alias on previous occasion. That was what would have been corroborated by Donald West had he been called to testify at the suppression hearing. I'm sorry is that in the record that he had used the name Ronald West on previous occasions? I believe it is in the record that the deliveries had been previously made to the same residents using the same name and picked up by the same party. So I would say that there was a pattern in practice of that particular transaction type of transaction in play. He did place the order as he had done before apparently arranged for delivery. He picked up the packages and he went to jail for having done so. But Mr. West corroborated at trial again not at the agent had been involved in previous deliveries. He was paid to assist. Counselor can I just follow up a little bit on your answer and to that question? I mean I think there is evidence in the record that the name went on the box and you know he intended to go pick it up there. But is that really the same as alias? Isn't alias something more than that? Alias is that you go by a name. Here it looks like the claim is because he used the name of an actual person who has since died in order to try to get to the boxes. Yeah I mean that was his technique. But that seems to be different than using that as an alias. And even if you can argue that isn't the standard that we look at you really one of two things. Since the motion to suppress was denied is there evidence in the record that would you know support the the district court's decision there number one. And then as to the ineffective counsel yeah ineffective counsel claim was it really you know was the decision of the trial counsel harmless. It just you know maybe even stronger evidence but if not some evidence and isn't that enough that we you know we need to affirm on at least the suppression issue. Well thank you your honor. I will try and answer it this way in terms of a bigger picture. As far as an alias goes when we're looking at that term I don't know if that's exactly the correct term I would use. But if I were out of and I wanted to make sure it was delivered securely I might put my neighbor's name on it and have it delivered to to his house or her house. And I would argue that I still have a right of privacy. The fourth amendment should give me a right of privacy in that box because I paid for it. I arranged for it to be delivered. If I were a writer and I was using a pseudonym writing under a pseudonym and I'm receiving materials from a publisher uh under that name I would like to think that I would still have a right to privacy in those contents. So I think that the demonstration of of the the fact that yes this was a drug dealer and he was utilizing uh this this type of system for some period of time and this particular name on previous occasions shows that he was if you want to use the term alias which I guess is appropriate uh it he didn't have an identification that says he's Ronald West that's for sure Ronald West was dead but Donald West was his friend a person he paid to assist and Donald West was the person that it was going to. So again as far as the ineffective assistance claim goes it is apparent from the record that my client wanted Donald West to testify. It is also apparent that didn't happen would that have met the does that meet the Strickland standard that that's your decision this is in the brief because it was requested to be in the brief it was a strategic decision on the part of council uh and would it have made a difference I'm really I'm not sure but he does Donald West does corroborate the fact that no one other than Mr. Rose claimed ownership and had ownership of those uh of those packages. I would like to move briefly on to sentencing if I uh the government is correct the court did address the 3553a factors but our position on that is there could have been improper consideration given to improper factors which triggers the substantial reasonableness analysis. I could not read the emotions out of a transcript but I can tell and anyone can tell that has reviewed the record that there was a contentious relationship between the judge and Mr. Rose because of Mr. Mr. Rose's behavior arguably but he was threatened to be removed from the courtroom on numerous occasions he was chastised and the trial court clearly said just prior to sentencing that he would certainly reap the consequences of his choosing to attempt to obstruct justice in connection with his motion to suppress and his trial and was aware of a complaint that Mr. Rose had had filed against him so the argument being that that particular situation in and of itself injected an element of unfairness and potential impartiality and he did receive a sentence that was less than requested by the government but it was more than requested by his his counsel and our argument would be that he did have a right to be sentenced by a fair and impartial trial court and those comments call that into with regard to his leadership role as well the court did focus on a looked at the the factors the seven factor test but the focus was on the degree and control and authority over Mr. West and Mr. West was not charged Mr. West was paid a nominal amount for for his role the DEA agent even considered Mr. Rose to be a middleman I believe it was Giovanni who said that Rosal Lewis was considered the the head of the enterprise and they even utilized Mr. Rose in an effort to assist in their investigation of him also Vin Sean Hill who was a local drug trafficker there was no evidence that Mr. Rose had any ties to the Mexican cartel directly and the sales and the slave cases that I've cited in my brief do support rejection of the enhancement because just because you sell cocaine or even have someone else sell it for you that doesn't necessarily make you a manager or a supervisor so I will be happy to answer any other questions the court have and reserve the remainder of my time for rebuttal all right Mr. Allman thank you so much thank you thank you your honor and may it please the court the conviction and the sentence in this case should be affirmed first regarding the suppression motion the district court correctly concluded that the defendant did not have standing to challenge the search of the two packages that were found to contain several kilograms of cocaine defendants have standing to challenge a search if they show and it is their burden by a preponderance that at the time of the search that the defendant had a subjective expectation of privacy and that the expectation is one that society is prepared to recognize as legitimate courts consider factors like whether the defendant owned the property searched whether the defendant had a right to exclude others from the property and whether the defendant took steps to maintain privacy in the property searched now in the context of a search of a package that is in transit courts have regularly concluded that the sender and the designated recipient have an expectation of privacy in the package and that is the Jacobson case in the Supreme Court and also the Hurley case not the intended eventual recipient in the this court concluded that if all intended eventual recipients had an expectation of privacy then that would create a rule with no end then all subsequent potential recipients of drugs for example would have an expectation of privacy in a drug shipment and in this case the district court properly concluded that when the packages were searched at the FedEx facility the defendant had no privacy in the packages and at the suppression hearing that's a that's a that's a seem to be a legal conclusion it's not a factual finding so much as because who did own the package when it was sent when it was searched and your honor yes the court did make a series of factual findings this is your question yes who owned the package when it was when the first package was searched who was the owner at the time that it was searched according to the case law there were two different case law case law i'm asked this is a simple question who owned it that's just plain property law that's property law you know from you know first first year law school type stuff who owned it your honor i don't know the answer as a property law matter i know that uh both the both the who had a right and expectation of privacy in the package at that moment as a matter of property law i do not know who would be considered the owner but i do know that the the case law has been clear that the you think the recipient is an owner correct if you buy something from us from a you know a place a acme whatever and and and you paid your money for it and you said and they're going to ship it to you you're telling me that you're the owner in this in a case where for example someone else sent me something and i did not pay for it and i did not know it was coming to me i'm not sure as a matter of property law whether i would be the owner or not but i would have an expectation of privacy at that moment wait a minute if i tell you for example for example you know somebody pornographic material totally legal legal not obscene it's pornographic and it's an adult material and i say well i don't want people to know that i'm you know getting this so send it to uh joe willie i you know you mean i don't have an expectation to get that package get my pornographic material your honor the case law is clear that if the package is being sent to an address that you have a connection to or if you have for example a phone number on the package that is associated with you or if it is sent to a fictitious name but that is one that has been established as one that you've used publicly those are all factors that would be considered and you could still have an expectation of privacy that has nothing to do with in terms of you're going to tell me i can't send it to my next door neighbor and put it in their name and i tell them listen when you get this package this is my package and don't open it it's mine i don't have an expectation i lose that because i get it to my i have it sent to my neighbor's house and i have an agreement because that's what you're your honor that is what this court held in givens which was 733 federal second 339 that's the 1984 case in that case the package was sent to debbie starks who was a co-conspirator of debbie and gary givens and that was a real person ms starks and this court found that the defendants debbie and gary givens were the intended eventual recipients of the package but they were not the designated recipients of the package at the time it was searched and so this court concluded that those intended eventual recipients the defendants did not have standing to challenge the search of the package at that time and there's a good reason for that those defendants were attempting to disassociate themselves from the package and without any kinds of indicia that they were the individuals who could go to for example the fedex facility and show in this case and show that they were the rightful owners or the designated recipients of the package then at the time of the search they did not have an expectation of privacy that would have been recognized as legitimate according to the circuit and a frankson and a cat's analysis of expectation of privacy it really makes no sense well your honor as your as your honor knows under cats there and and the subsequent case law there really are two questions whether there is a subjective expectation of privacy and the defendant may have expected that his package would have remained private but then the second one is whether that expectation is objectively reasonable and one that society is willing to recognize as legitimate and this court and other courts have been defined by that it's illegal then you would never have that's a tautology well there's no expectation because what you were doing was illegal then you would never have suppression that's the whole idea you want to suppress stuff because it is contraband that would turn logical and say let me finish so the question is in normal sense what a reasonable person would think you mean to tell me that if i sent a package and i tell my neighbor i'm putting it in your name but it's for me i'm establishing my ownership and did mr west receive these packages only as a benefit of mr rose yes you can say yes your honor he he did he did absolutely so so he always and he made sure under this record that it would be for me you don't lose expectation because you send it to an address where you don't live that means that a homeless person would never have an expectation of privacy in anything because they don't have a home so they'd have to say well listen uh can you have a good samaritan would you please accept this because i'm homeless and you say oh well you you can't have special privacy because you don't have a home doesn't make any sense the cases you're citing those are people where they've made a step back that's not mine i don't know who that is in this case mr rose readily said that's my package it's mine it always has been mine from the transit all the way through and in the evidence here you can see the police officer they they got smarter but perhaps too late in the second package oh we better get a warrant but it's already but the fruits of the pauses tree attached perhaps already because they felt the same way that open them all everyone that's from arizona that's taped like this one open them all because nobody has an expectation of privacy or or because it's not the person's name on it and fictitious or not has nothing to do with expectation of privacy or whatever i've established it before either as long as i'm controlling it by saying that's my package is coming to your house it's mine and it was understood and by the fact he paid for it didn't it wasn't even just a it was a it was a contractual agreement even more so that he owned it because he had made that in a sense his resident for contract didn't is that true he said listen i'm gonna give you this amount of money if you allow me to use this address when it comes and i'll pick it up didn't are those the facts i believe that at trial he uh clarified that he was paying mr donald west and crack cocaine as opposed to money but yes he was giving him a benefit for receiving the packages because it's illegal you can't use that that could defeat expectation of privacy because it's legal you agree with that don't you and your honor i'm not making that argument i'm not making the argument that the type of contraband matters at all because obviously for any type of suppression issue you ignore the knowledge of what is inside the box i i'm not suggesting that at all but i do think this case is very similar to example the hurley case which is a fourth circuit case from 2006 there the package was addressed to a brian pain land from a miguel espinoza there the defendant directed the shipment he had never used that alias the phone number on the package was not his the defendant did not reside at the standing and this court said in that case what was the connection at all to the delivery of the package to that address that's the that's the key what was the connection asserted connection of the package to the address here we know what it is is coming it's in a different name but it's mine and you directed only to me in your case what was the connection there was none so well go ahead tell me what the connection was to that delivery to that place in the case you just said your honor i don't believe there was evidence in the record in that case and that's why do you cite that then it's an opposite factually for this case your honor and what the court concluded in hurley was that it was analogous to a package being sent to a third party and so in the hurley case again this court reiterated that when a package is being sent to a third party that is not the defendant and the defendant can't show a connection to the address or the use of a fictitious name or a phone number or an invoice as it was used in the vrl case and there the defendant did have an invoice that's because the third party has no connection with the person here you have a direct relationship it is a money relationship he says i will pay you to be my surrogate address for this package and when it comes you don't even supposed to look in it or touch it it's mine that is the undisputed fact in this case and we don't have to rely on the district court for making a legal conclusion of these facts that's wrong it's really not a factual determination at all matter of fact it almost belies the facts in this case because there's cases that really factually are different but go ahead tell me and your honor in the gibbons case that was the fourth circuit 1984 case in that case the package was being shipped to a co-conspirator of the defendants and so there was a relationship between those individuals debbie starks who was listed as the recipient of the drug package in gibbons case was determined to be a co-conspirator of debbie and gary gibbons who were the defendants and again this court rejected the argument that the defendants had standing because they were unable to show and it was their their burden they had to show by a preponderance that they at the time of the search had standing because they had an expectation of privacy in the package yes judge mr lemon does the record show if i'm correct the record shows that uh a one package was delivered like a month earlier is that correct i believe there was testimony that a total of there had been two packages delivered prior to these two prior okay and did they both have the name ronald west on them i believe that was the testimony i don't think that labels were introduced but yes does that make a difference i mean because it would suggest it seems to me that there was an established use of the name ronald west before the incidences that we have in front of us your honor i would suggest that this was a strategic use of the name of a deceased person to disassociate the defendant from these packages so there was testimony that and i believe this was i can't remember if this was in the trial when testimony that at first the defendant wanted to use donald west's name on the package he didn't want his name to be used and so ronald west was actually used there is no evidence introduced the defendant ever used the name ronald west publicly in fact there was evidence given at the suppression hearing that he used the name boo-boo that was what donald west told officers on the day of the arrest and okay how much how much time elapsed between the first use of ronald west and the packages that we're talking about i believe it was all within just a few months i don't have the timeline right in front of me but i think it was between maybe three or four months apart that these packages were sent well would it make a difference in this case if he had used ronald west continuously for a year you see what i'm getting at is you do have a you have facts of prior use of ronald west so what's the cutoff here in the expectation of privacy analysis are you saying that even if he had used the name ronald west on packages for a year there would be no expectation of privacy your honor it is a totality of the circumstances a type of analysis and i think that all of the cases where we have seen this court uh conclude that a fictitious name or an alias was something that a defendant could rely on it was in a situation where they were using that name okay but but i'm asking you the hypothetical question if the defendant had used the name ronald west and had a series of packages let's say 25 in the name of ronald west delivered to the residents of donald west over the course of a year would your analysis be different i would still argue your honor that that is more akin to using the name of a third party to disassociate a person from a package as opposed to using a fictitious name for example in the vrl case where a person is using a name that they are known by outside of the package context i think that using the name ronald west who was a real although deceased person was more like the givens case where the name debbie starks was used and that's more like a third party being used as opposed to a fictitious name and in this case the defendant had a different nickname which was boo-boo and he did not provide any evidence to the court and it was his burden to show that he had used the the name ronald west in any context other than in this use which is his name on the packages using ronald west name i just don't understand it it's not illegal for me to use a different name right i can ship i can ship anything i want i mean i mean forgive me i cannot i mean anything you want but i mean i could ship legal things under any name i want unless i'm using somebody's credit card and using their money but i don't have to be you know roger gregory i said okay i'm somebody else today but i paid for it and i wanted to deliver it to somebody else's house how does that i just can't see how you say you lose the expectation of privacy because i don't use my name and your honor i agree that it would not be illegal at all to use someone else's name the question is uh more whether it is an expectation of privacy that courts and society have recognized as legitimate and there have not been uh cases that have been cited by the defendant like this one i think that if the defendant had been able to show that he had an invoice connected to the package if his phone number had been on the package if he had shown that he had used the name ronald west publicly i think there if he had any connection for example staying overnight regularly at at the location at donald west house where the package was being sent all of those have been factors to show that at the time of the search he at that time had a right to exclude others and had not given that up by trying to dissociate himself from the package i just don't understand so so that means that if i send the package uh and i thought i was gonna get there in five days whatever but it didn't and i went off to paris somewhere that means it's not an privacy i mean what what what made it different you're talking about if he had gone there to ensure what an invoice you don't need an invoice the idea is you've already paid for it all you want the shipper to do is ship it to an address and in this and the facts here didn't he show up almost immediately and pick it up he did your honor that is that consistent with consistent with ownership is it consistent with ownership when the package shows up you come almost immediately and pick it up is that consistent with ownership at the time it was delivered potentially but not at the time of the search but at the time of the search you'll expect you don't know where the package may go my goodness this is the past holiday then the indication a package takes a long time to get maybe sometime a while to get there so you need to tell me that oh my expectation won't attach until it's delivered that can't be the law your honor if you were able to show that you had for example a phone number that was associated with the label on the package if you had an invoice if you had documentation showing you had shipped the package for example a tracking number a receipt that you might have gotten when it was dropped off at usps or the fedex facility those are all indicia of ownership and an ability to exclude others i agree they are but they make they're really not required at all because that's not the core of an expectation i mean many times people take receipts and ball them up and throw them away do you mean tell me because you threw the receipt away you've now lost your expectation of privacy that can't be that's that's a you know that that's well anyway i just don't see how you have any logic to that in terms of any sense of expectation of privacy oh i'm sorry sir ma'am you don't have a receipt or invoice therefore you have no this is not yours this is going to go to the loss and found if you were still the designated recipient if you were the listed sender or the listed recipient or your address was the listed recipient portion of the label then you would absolutely still have an expectation of privacy well did it require a signature for this package i don't believe so you're on it did not absolutely all it did was to drop it off at an address this this is a red herring to throw in this invoice and receive and all those things i guess you said me well it helped you to be sure to check the council check that you paid for with or or the piggy bank that you got the funds from yeah that'd be nice but it's not required for expectation of privacy i mean my goodness we turned logic and in the sense i mean the framers were pretty smart people i mean somebody stayed with the case law is crept in terms they wouldn't even recognize fourth amendment protection in many ways oh well you can go in their box you didn't want because you know why we don't know what they were doing i mean you're basically saying because this is a bad purpose then it can't but we have to look at the average citizen the non-criminal conduct and see it with commerce and i don't see any case that says here that you can't that filing something sending something in somebody else's name when you pick it up and meet her you tell the person who owns the property it's coming it's mine and they agree to it that's that's that's that's expectation on steroids your honor i see my time has expired i know i know i know you're ready to go uh uh my colleagues you have any questions of mr lim no thanks i did not thank you honors mr allman you have some time now thank you your honor may please the court just to to i guess correct to some extent uh what was represented as being on the record uh it was clear from mr west's testimony that he was sometimes paid in crack cocaine but he was also sometimes paid in in funds and monies and that indicates that it happened more than twice it happened several times that this delivery was made uh apparently under the same name to the certainly the same address so uh there was a pattern in practice as i indicated earlier of the use of this particular ronald west's name and to that particular address uh with respect to the cases that the uh government has argued the hurley case once again we have a situation where the defendant did not know the person who resided at the delivery address much less have used that same address on previous occasions uh in the gibbons case that was an actual person a real person a co-defendant uh that the package was sent to uh and yes they were attempting to disassociate themselves from the package as opposed to mr rose who never tried to disassociate himself from the package but claim the package as his own he placed the order he arranged for the delivery he picked the packages up within a short time of their arrival he claimed ownership the law enforcement officers all recognize that those packages belong to him no one other than him and he went to jail for it and i i would suggest i heard this in law school many times many many years ago that sometimes hard cases make bad law yes this was narcotics were found but the purpose of the fourth amendment is to protect people in their rights of privacy their persons their places their effects this was his package there's no question it was his package it was his package when it was shipped it was his package when it was searched it was his package when he came and picked it up and he's serving time because of it and the bigger picture i think is more important in this case to send a message that a person does have an expectation of privacy in a package akin as your honor has suggested judge gregory that if it were sent to a neighbor under the neighbor's name or a different name uh in my such my example would be to ensure delivery that's that would still be my package uh and i think that's an important uh very important aspect of our constitution uh that i hope this court will protect that that's all i have unless there are arguments both of you uh outstanding job and i wish we could come down and shake your hand we can't but know that we appreciate very much your being here and your arguments thank you so much be safe and stay well thank you honors thank you
judges: Roger L. Gregory, Barbara Milano Keenan, A. Marvin Quattlebaum Jr.